IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIRST WHEEL MANAGEMENT LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 17-1059 (MN) |
| INVENTIST, INC. and SHANE CHEN, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Sean T. O'Kelly, Thomas H. Kramer, O'KELLY & ERNST, LLC, Wilmington, DE; Gerard M. O'Rourke, O'ROURKE LAW OFFICE, LLC, Wilmington, DE – Attorneys for Plaintiff.

Catherine A. Gaul, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE; Benjamin J. Hodges, FOSTER GARVEY PC, Seattle, WA – Attorneys for Defendants.

August 3, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is the Motion for Summary Judgment as to First Wheel's Fraud Claims filed by Inventist, Inc. ("Inventist") and Shane Chen (collectively, "Defendants") (D.I. 159).[1] The motion is opposed by Plaintiff First Wheel Management Limited ("Plaintiff" or "First Wheel") (D.I. 161). In evaluating the motion, the Court reviewed the parties' briefing on Defendants' original motion for summary judgment, (D.I. 85, 114, 118), the parties' supplemental briefing submitted pursuant to the Court's request, (D.I. 159, 161, 164), and the appendix submitted by Defendants (D.I. 160). The Court also heard oral argument on Defendants' original motion for summary judgment (D.I. 155). Having reviewed these materials and for the reasons set forth below, Defendants' motion is GRANTED.

**I.      BACKGROUND[2]**

Mr. Chen is the founder and owner of Inventist. (D.I. 87 ¶ 1). Together, Defendants designed and invented, among other things, the Solowheel, a self-balancing electric unicycle. (D.I. 94 ¶ 1). In 2013, First Wheel and Inventist began negotiations which culminated in an Asset Purchase Agreement dated January 24, 2014 ("the Agreement") (D.I. 2, Ex. A), (D.I. 94 ¶¶ 2–3), with a closing date of February 28, 2014, (D.I. 2, Ex. A § 3.1). Pursuant to the Agreement, Inventist was to transfer to First Wheel certain technology assets and intellectual property rights ("the Intellectual Property") and the manufacturing information related thereto. (*Id.* §§ 1.8, 2.1). Plaintiff contends that the purpose of the transfer was to enable First Wheel to develop a new product based on the Solowheel technology. (D.I. 2 ¶ 10). Under the Agreement, Inventist

---

[1]  The Court denied Defendants' motion for summary judgment (D.I. 85) without prejudice to renew in connection with supplemental briefing on the fraud counts. The Court understands Defendants' supplemental brief to be its renewed motion.

[2]  Except as otherwise indicated, the facts given in this section are undisputed by the parties.

represented that the Intellectual Property would be "free and clear of any mortgage, pledge, lien, change, license, security interest, claim or other encumbrance." (D.I. 2, Ex. A § 2.1). Defendants also promised to provide technical assistance in the form of up to 180 hours of meetings with First Wheel during the six months after the Closing Date of the Agreement. (*Id.* § 3.1(c)). As specified in the Agreement, First Wheel paid Defendants a purchase price of two million dollars. (D.I. 94 ¶ 5; *see also* D.I. 2, Ex. A § 2.5).

On August 1, 2017, First Wheel filed suit bringing two counts of breach of contract, (*see* D.I. 2 ¶¶ 30–40),[3] and claims for fraud, fraudulent inducement, and fraudulent misrepresentation (collectively, "the Fraud Claims"), (*see id.* ¶¶ 41–58). First Wheel's surviving breach of contract claim rests on three alleged breaches of the Agreement[4]: (1) failure to convey the intellectual property as promised; (2) failure to provide consulting services and technical assistance; and (3) failure to disclose the potential inventorship status of Daniel Wood. (*Id.* ¶¶ 32; D.I. 155 at 5:6–14).

The Fraud Claims each allege that Defendants knowingly made false representations to First Wheel, (D.I. 2 ¶¶ 42–43, 48–49, 54–55), that they did so in order to induce First Wheel to enter into the Agreement, (*id.* ¶¶ 44, 50, 56), that First Wheel reasonably and justifiably relied on those false representations, (*id.* ¶¶ 45, 51, 57), and that "First Wheel has suffered, and continues to suffer, significant harm and damages as a direct and proximate result of the fraud perpetrated by Defendants," (*id.* ¶¶ 46, 52, 58). The alleged misrepresentation underlying each of the Fraud

---

[3]    First Wheel is no longer asserting Count II, which alleged a breach of contract based on the option to license certain patent rights. (*See* D.I. 155 at 20:16–24).

[4]    Although initially pleaded in the complaint, (D.I. 2 ¶ 32), First Wheel is no longer pursuing a breach of contract claim based on the failure to disclose licenses, (D.I. 155 at 9:5–7).

2

Claims is "Mr. Chen not disclosing the fact that Mr. Wood is a co-inventor or potential co-inventor of the '250 Patent." (D.I. 155 at 23:11–14).

The damages sought in the Complaint were two million dollars plus First Wheel's expenses in developing a new product based on the Intellectual Property, conveying certain Patent Rights to First Wheel for a reasonable price, attorney's fees, costs, pre- and post-judgment interest, punitive damages, and any other relief that the Court may deem proper. (D.I. 2 at 10–11). In *Daubert* briefing, however, Plaintiff clarified that it sought restitution of the purchase price (*i.e.*, two million dollars) as the sole measure of damages. (D.I. 120 at 3–4). During oral argument on the earlier summary judgment motions, Plaintiff confirmed that it was seeking only restitution damages of two million dollars. (D.I. 155 at 4:2–7) (representing to the Court that Plaintiff was seeking only "$2 million in contract price as restitution damages for whatever counts there are.").

Plaintiff did not request rescission of the Agreement among the relief sought in the Complaint, nor did it indicate that it would seek rescission during oral argument on the summary judgment motions.

## II.     LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The movant can meet this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If a moving party has sufficiently carried its burden,

a nonmovant must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita* 475 U.S. at 587.  The Court may not make credibility determinations but must instead "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as the material facts." *Matsushita*, 475 U.S. at 586.  A factual dispute is only genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

### III.   DISCUSSION

Under Delaware law, breach of contract and fraud claims may ordinarily be pleaded in the alternative. *Novipax Holdings LLC v. Sealed Air Corp.*, 2017 WL 5713307, at *14 (Del. Super. Ct. Nov. 28, 2017).  To successfully plead a fraud claim, however, the plaintiff must have sustained damages as a result of the alleged fraud and "the damages allegations may not simply 'rehash' the damages allegedly caused by the breach of contract." *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *8 (Del. Super. Ct. June 6, 2012).  "Failure to plead separate damages is an independent ground for dismissal." *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, 2017 WL 1312209, at *5–6 (Del. Super. Ct. Mar. 13, 2017).  Where a fraud claim "alleges damages for rescission or rescissory damages, it is not barred as a 'rehash' of the Complaint's breach of contract damages." *ITW Glob. Invs. Inc. v. Am. Indus. Partners Cap. Fund IV, L.P.*, 2015 WL 3970908, at *7 (Del. Super. Ct. June 24, 2015).  Rescission involves the "unmaking" or

4

"cancellation" of a contract, thereby returning the parties to the prior positions. *Catamaran Acquisition Corp. v. Spherion Corp.*, 2001 WL 755387, at *4 (Del. Super. Ct. May 31, 2001).

First Wheel has failed to plead damages for fraud separate from those for its breach of contract claim. First Wheel seeks damages in the amount of two million dollars for both its breach of contract claim and for the Fraud Claims. Although Plaintiff asserts that it "has suffered, and continues to suffer, significant harm and damages as a direct and proximate result of the fraud perpetrated by Defendants," (*id.* ¶¶ 46, 52, 58), Delaware courts have found that sort of allegation to be insufficient to constitute separate damages. *See Cornell Glasgow, LLC*, 2012 WL 2106945, at *9 (dismissing fraud claim where complaint stated "[p]laintiffs have suffered and continue to suffer damages as a result of [defendant's] fraudulent representations and conduct"). Thus, the Complaint does not plead fraud damages separate and apart from the breach damages.

Plaintiff argues that its inclusion of the two million dollar purchase price in Count IV, which addresses fraudulent inducement, (*see* D.I. 2 ¶ 50), "can *only* be understood to represent rescission damages." (D.I. 161 at 5 (emphasis in original)). The Court disagrees.[5] The cited portion of the Complaint does not mention rescission or otherwise indicate that Plaintiff would like to "unmake" or "cancel" the Agreement. Rather, that paragraph identifies the actions Defendants sought to induce and Plaintiff ultimately took due to the allegedly fraudulent statements.

Plaintiff cites *Catamaran Acquisition Corp. v. Spherion Corp.*, No. CIV.A. 00C-09-180JRS, 2001 WL 755387 (Del. Super. Ct. May 31, 2001), in support of its assertion that this paragraph pleads rescission. In *Catamaran*, however, the court noted that although the plaintiffs

---

[5] Even assuming Plaintiff were correct in this assertion, the failure to include that figure in Counts III and V would warrant dismissal of First Wheel's fraud and fraudulent misrepresentation claims.

had "invoke[d] the appropriate incantation" of a prayer for cancellation of the agreement, the complaint actually focused on recouping the contract price plaintiffs had paid. In drafting the current Complaint, First Wheel did not even attempt to "invoke the appropriate incantation," choosing instead to focus on what it admitted during oral argument was a claim for monetary damages of two million dollars. And although Plaintiff now argues that the discussion of purchase price was a claim for rescission, at no point in this litigation prior to now has Plaintiff mentioned recission or addressed aspects of recission – such as returning the Intellectual Property to Defendants – that would be required to return **both** parties to their pre-contract states.

Having failed to plead separate damages for fraud in its Complaint, or specify separate damages during earlier stages of litigation, (*see, e.g.*, D.I. 160 at 5–6 (including the purchase price in the damages sought in Plaintiff's initial Rule 26 disclosures)), First Wheel cannot now assert that it intended to plead rescission all along.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment as to First Wheel's Fraud Claims. An appropriate order will follow.